## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Nicole Osterman, being first duly sworn, do hereby depose and state that:

## BACKGROUND

1. I am a Special Agent with Homeland Security Investigations (HSI), Immigration and Customs Enforcement, United States Department of Homeland Security, and have been so employed since April 2023. Prior to HSI, I was employed by United States Customs and Border Protection as a Customs and Border Protection Officer from the years 2019 to 2023. I am an investigative law enforcement officer of the United States who is empowered to conduct investigations of or to make arrests for offenses enumerated in Title 18, United States Code, Section 2516, and Title 21, United States Code Section 841 offenses. As a Special Agent, my responsibilities include conducting investigations of the alleged manufacture, distribution and possession of controlled substances, importation of controlled substances, smuggling of goods into the United States, firearm's violations, crimes against children, and other federal offenses. As a Special Agent, my responsibilities include conducting investigations of alleged manufacturing, distribution or possession of controlled substances, importation of controlled substances, smuggling of goods into the United States, and related offenses.

2. I have attended the Criminal Investigators Training Program, and the United States Homeland Security Investigations Special Agent Training at the Federal Law Enforcement Training Center in Glynco, Georgia. I was trained in conducting investigations related to drug smuggling, interdiction, and distribution activities. I am currently assigned to the Fajardo office, where investigations commonly conducted are related to violations of Titles 8, 18, 19, 21 and 31 of the United States Code ("U.S.C").

3.   I have participated in narcotics investigations as the case agent. I have debriefed defendants, witnesses, and informants who had personal knowledge of major narcotics trafficking organizations. Additionally, I have participated in many aspects of narcotics investigations including conducting physical surveillance, writing and executing search warrants, and conducting arrests.

4.   Based on my training, experience, and information from other investigators, I am familiar with narcotics traffickers' methods of operation including the distribution, storage, and transportation of narcotics, and the collection of money proceeds of narcotics trafficking.

5.   I am also familiar with methods employed by large narcotics organizations to thwart detection by law enforcement, including the use of vague and coded language, debit calling cards, cellular telephone technology, counter surveillance, false or fictitious identities, encrypted mobile applications, and encoded communications.

6.   I have received instruction and training and have participated in investigations involving drug trafficking organizations and the laundering of drug proceeds. I have used a variety of investigative techniques, including: interviews of informants and cooperating witnesses; physical surveillance; controlled drug purchases; analyzing telephone pen register and caller identification system data; and search and arrest warrants that have led to seizures of narcotics, firearms, and other contraband.

7.   Because this Affidavit is submitted for the limited purpose of establishing probable cause, I have not included all details of every aspect of this investigation. I have set forth only the facts that I believe are necessary to establish probable cause of the commission of federal crimes or offenses. I am thoroughly familiar with the information

contained in this Affidavit, either through personal investigation or discussions with other law enforcement officers involved in the investigation.

8. This affidavit is submitted in support of a criminal complaint charging Kendrick NAZARIO with violations of 21 U.S.C. § 841(a)(1) & (b)(1)(B)(ii): Possession with Intent to Distribute a Controlled Substance (500 grams or more of cocaine); and 21 U.S.C. §§ 952(a), 960((b)(2)(B): Importation of controlled substance (500 grams or more of cocaine) into customs territory of United States..

## PROBABLE CAUSE

9. On February 13, 2025, at approximately 07:07 AM, Atlantic Standard Time, United States Customs and Border Protection Fajardo Marine Unit (FMU) received information from Caribbean Air and Marine Operation Center (CAMOC) involving a track of interest originating from St. Thomas, USVI heading Northeast towards Culebra, PR. CAMOC personnel acquired video footage from a surveillance tower located in St. Thomas, USVI which has radar and video surveillance capabilities. This video footage correlated with the CAMOC radar track position in real time, confirming the vessel's location.

10. CAMOC personnel contacted CBP FMU Agents via cellphone and stated the vessel could be described as a blue yola type vessel, with two outboard engines. CBP FMU Marine Interdiction Agents contacted Puerto Rico Police Bureau (PRPB) assigned to Culebra Municipality requesting assistance to set surveillance on the above-described vessel as it approached Northeast Culebra, PR.

11. PRPB officers positioned at an elevated vantage point at Zoni beach, Culebra, PR to conduct surveillance of the vessel as it approached northeast Culebra.

PRPB agents observed a blue yola type vessel, with two outboard engines which matched the description of the information provided to them by CBP FMU agents. PRPB observed the vessel approaching the area of Punta Vaca, PR. PRPB Agents continued to conduct surveillance on the vessel as it continued to approach Sector La Pica, Culebra, PR where they observed a male individual with a black colored t-shirt and black shorts who was later identified as Kendrick NAZARIO. NAZARIO was observed onboard the identified vessel docked at a pier at Secor La Pica, Culebra, PR. PRPB officers observed the individual disembark from the vessel with a black backpack as he proceeded to walk towards Road 250.

12. PRPB officers approached NAZARIO to conduct a consensual encounter. During their encounter NAZARIO stated he was traveling from St. Thomas, USVI. PRPB officers obtained permission to search his bag, leading to the discovery of four brick shaped packages consistent with the size and shape of kilograms of cocaine.

13. PRPB officers placed him in handcuffs and read him his *Miranda* rights in his native language of Spanish. PRPB officers brought NAZARIO back to the District of Culebra, PR police station where he was provided a Miranda rights form. NAZARIO declined to sign the document and speak to the officers without a lawyer.

14. CBP FMU arrived at the district of Puerto Rico Culebra police station to assist with the transportation of NAZARIO, the vessel and the brick shaped packages to the FMU office located in Ceiba, Puerto Rico.

15. Homeland Security Investigations (HSI) Fajardo and Drug enforcement Administration (DEA) agents responded to the Customs and Border Protection FMU. Upon arrival, Kendrick NAZARIO was read his *Miranda* rights in his native language of

4

Spanish at which he again declined to provide a statement to agents. At the FMU office, HSI and FMU agents cut open the bricks and observed what appeared to be a white powdery substance. A field test was conducted and tested positive for cocaine. The four bricks of cocaine were weighed and weighed approximately 4.7 kilograms. Below are photographs of the above-described brick shaped packages containing cocaine and the field test result:




16.     Based on my experience and the experience of other law enforcement partners, this specific route used by Kendrick NAZARIO from St. Thomas, USVI to Culebra, PR is recognized as a major conduit for illicit drug transportation and smuggling and is frequently exploited by traffickers.

17.     Based on my training and experience, the quantity of cocaine shown above found in NAZARIO's backpack and the manner in which it is packaged shows that the cocaine is intended for further distribution, not for personal use.

18. Further, based on my training and experience drug trafficking organizations do not entrust quantities of cocaine to individuals not intimately involved in the organization's illicit activities.

19. I also know that St. Thomas, although a United States territory, is outside of the United States customs territory while Puerto Rico is within the United States customs territory.

## CONCLUSION

20. I believe there is probable cause to believe that Kendrick NAZARIO committed the following federal felony offenses: 21 U.S.C. § 841(a)(1) & (b)(1)(B)(ii), Possession with Intent to Distribute a Controlled Substance (500 grams or more of cocaine); and 21 U.S.C. §§ 952(a), 960(b)(2)(B), Importation of controlled substance (500 grams or more of cocaine) into customs territory of the United States.

NICOLE A OSTERMAN
Digitally signed by NICOLE A OSTERMAN
Date: 2025.02.14 08:31:46 -04'00'

Nicole Osterman
Special Agent
Homeland Security Investigations

Sworn in accordance with the requirement of Fed. R. Crim. P. 4.1. by telephone at 10:18 AM on this 14th day of February, 2025, in the District of Puerto Rico.

HON. MARCOS E. LÓPEZ
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO

6